UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

CLARENCE STALLWORTH,

Plaintiff,

-against-

CITY OF NEW YORK; OFFICER ATKINS, in his individual capacity; JOHN/JANE DOE NYPD OFFICERS AND EMPLOYEES 1-20, in their individual capacities; HUNTS POINT SERVICE STATION, INC.,

Defendants.

26-CV-7919 (MMG)

ORDER OF SERVICE

MARGARET M. GARNETT, United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims under 42 U.S.C. § 1983 and state law,[1] alleging that Defendants deprived him of access to his car and allowed it to be damaged while in their possession. He has filed motions for emergency injunctive relief and *pro bono* counsel. Dkt. Nos. 3, 10, 11. By order dated September 18, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court: (1) asks the City of New York and New York Police Department Officer Atkins to waive service; (2) orders service on the Hunts Point Service Station, Inc.; and (3) denies the other pending motions without prejudice.

[1] Plaintiff asserts claims of negligence, conversion, trespass to chattels, and violations of New York General Business Law § 349. Compl. at 8-9. His allegations also suggest constitutional claims under N.Y. Civil Rights Law § 85.

## DISCUSSION

### I. WAIVER OF SERVICE

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York and NYPD Officer Atkins, Commanding Officer, Springfield Gardens Auto Pound, waive service of summons.

### II. ORDER FOR SERVICE

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on assistance from the Court and the U.S. Marshals Service with effecting service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Hunts Point Service Station, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons for this Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint and amended complaint are not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).[2]

[2] Although Plaintiff names John and Jane Doe defendants in the captions of the complaints, he makes no allegations against them in his pleadings. The Court therefore declines at this stage to issue an order, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (directing Defendants to identify

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## III. THE PENDING MOTIONS ARE DENIED WITHOUT PREJUDICE

### A. Emergency Motions

Plaintiff filed three emergency motions seeking a temporary restraining order and preliminary injunctive relief. Dkt. Nos. 3, 11, 14. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

Because Plaintiff's car has been returned to him, it is not clear what immediate injunctive relief is needed; in addition, Plaintiff's submissions have failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's motions without prejudice to renewal at a later stage.

### B. Motion for *Pro Bono* Counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the

---

Doe defendants). Plaintiff may seek leave to amend his pleading to add the names of other individuals if he discovers the identities of new defendants.

facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

For the reasons set forth above, the pending emergency motions are DENIED, and the Clerk of Court is respectfully directed to terminate Dkt. Nos. 3, 10, 11, 14.

The Clerk of Court is instructed to issue a summons for Defendant Hunts Point Service Station, Inc., complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. **The Marshal shall serve this Defendant with both the complaint and the amended complaint, Dkt. Nos. 1, 12.**

The Clerk of Court is further directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York and NYPD Officer Atkins, Commanding Officer, Springfield Gardens Auto Pound, waive service of summons.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[3]

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: October 13, 2026
New York, New York

MARGARET M. GARNETT
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Hunts Point Service Station
565 Hunts Point Avenue
Bronx, New York 10474